```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
     v.                      )    No. S1-4:11CR246 CDP
                             )                (FRB)
DOMINIC HENLEY,              )
                             )
          Defendant.         )
```

## **MEMORANDUM,<br>REPORT AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Defendant Dominic Henley filed two separate motions to suppress statements.[1] The motions were heard before the undersigned on January 10, 2012. Following the hearing the undersigned ordered that a written transcript of the proceedings be prepared and filed with the court. The transcript was filed on January 17, 2012 (Docket No. 494). The undersigned has relied upon the written transcript as well as the electronic digital recording made of the proceedings in making findings of fact set out herein. The motions raise separate issues and are addressed herein <u>seriatim</u>.

---

[1] Defendant Henley also filed a Motion To Suppress Contents Of Any Electronic Surveillance. That motion is addressed in a separate Report and Recommendation.

1.  <u>Motion To Suppress Statements</u> (Docket No. 374)

Testimony and evidence was adduced on the defendant's motion at a hearing before the undersigned on January 10, 2012. From the testimony and evidence adduced at the hearing the undersigned makes the following findings of fact and conclusions of law.

### Findings Of Fact

In the early morning hours of August 15, 2009, officers of the St. Louis, Missouri, Metropolitan Police Department were called to the scene of a shooting at 7820 North Broadway in St. Louis, Missouri. One of the officers responding to the scene was Detective Jerone Jackson, then assigned to the homicide unit. During the subsequent investigation it was learned that there had been an exchange of gunshots between a number of individuals at that location. Several persons were wounded and had been taken from the scene to hospitals. One of the wounded persons, Kevin Berry, died from his wounds. It was learned that another of the wounded persons was being treated at Barnes-Jewish Hospital. An officer was dispatched to that hospital to learn the medical status of that person and to obtain pedigree information regarding that person. Detective Jackson later was told that the name of the wounded person being treated at Barnes-Jewish Hospital was Dominic Henley.

Later in the day Henley was released from treatment at the hospital and was then taken into police custody and transported to the homicide division offices at the St. Louis Police Department Headquarters.

Henley was placed in an interview room. At approximately 5:00 p.m. Detective Jackson met with Henley for the purpose of interviewing him concerning the events that had occurred earlier that day at 7820 Broadway. Detective Jackson was accompanied during the interview by Detective Lloyd White. After introducing themselves to Henley, Detective Jackson then advised Henley of the Miranda rights and specifically that he had the right to remain silent; that anything he said could be used against him in court; that he had the right to a lawyer and to have the lawyer present during questioning if he wished; that if he could not afford a lawyer one would be appointed for him before questioning if he wished; and that he could decide at any time to not answer questions or to make any statements. Henley was then asked if he understood these rights and he said that he did. Henley was asked if he wished to make a statement and he replied "Yeah, I want to tell you what happened." An interview of Henley then commenced which lasted 25-30 minutes. During the interview Henley was seated in a chair in the interview room. He was not handcuffed or otherwise restrained. Although he had suffered a gunshot wound Detective Jackson observed that Henley was able to walk and move

without difficulty. He did not complain of pain. He appeared lucid and was responsive to questions put to him. He had no difficulty in communicating. No threats or promises were made to Henley prior to or during the interview in order to induce him to waive his rights or to make any statements. At the conclusion of the interview Henley was asked if he would agree to a video recording of a statement. He declined to do so. Henley was then placed under arrest and charged with the murder of Kevin Berry.

## Discussion

The sole claims made by defendant in his motion as grounds to suppress the statements made by him to Detective Jackson and Detective White on August 15, 2009, are that he was in custody at the time he was questioned by the officers; that he was not advised of the Miranda rights before being questioned by the officers; and that he did not make a knowing, intelligent and voluntary waiver of the Miranda rights.[2]

In Miranda v. Arizona, 384 U.S. 436 (1966) the Supreme Court held that before questioning a person in custody law enforcement officials must advise the person that he has the right to remain silent; that any statements he makes may be used against him at trial; that he has the right to have an attorney present during questioning; and that if he cannot afford an attorney one

---

[2] At the hearing the defendant specifically stated that this motion was addressed only to the statements made by the defendant to Officers Jackson and White on August 15, 2009. (See Motion Hearing Transcript, Docket No. 494, at P50).

will be appointed for him. Id. at 478-79. The officials may question the person after so advising him if the person voluntarily, knowingly and intelligently waives these rights and agrees to answer questions put to him by the officials. Absent such advice and waiver, statements obtained through interrogation of a person in custody are not admissible against the person at trial. Id. at 479.

The defendant's claim that he was not advised of his rights as required by Miranda, and that he did not waive those rights, is not supported by the evidence adduced at the hearing. Credible evidence adduced at the hearing shows that all of the statements made by the defendant to law enforcement officials were made after he was advised of his rights as required by Miranda. After being so advised, the defendant stated that he understood his rights and agreed to waive those rights and to answer questions. These circumstances demonstrate that the defendant made a knowing, voluntary and intelligent waiver of the Miranda rights. North Carolina v. Butler, 441 U.S. 369 (1979). There is no evidence that either the defendant's waiver of Miranda rights or his subsequent statements were the result of any threats or promises by the officers.

Therefore, the defendant's motion should be denied.

2.   Motion To Suppress Statements (Docket No. 323)

No testimony or evidence was offered on this motion by either party. At the motion hearing on January 10, 2012, it was

agreed by the parties that the motion could be submitted solely on the memoranda submitted by the parties. (See Motion Hearing Transcript, Docket No. 494, at Pp. 4-5). For purposes of addressing the motion certain factual averments made by the parties in their memoranda and at the hearing are considered to be true for purposes of the findings herein.

## Findings of Fact

Dominic Henley and others were alleged to have committed an armed robbery on August 10, 2009. On August 25, 2009, Dominic Henley was arrested and charged with offenses arising out of the August 10, 2009, incident. Upon arrest Henley was advised of the Miranda rights. At the time of his arrest Henley was represented by counsel. After being advised of the Miranda rights Henley stated that he did not wish to make any statements. Law enforcement officials were aware that Henley was represented by counsel on August 25, 2009, because his attorney appeared with him at the police station.

At the time of the August 10, 2009, incident and for a considerable period of time thereafter law enforcement officials were investigating Henley and others for their alleged involvement in various alleged criminal activities, including the events of August 10, 2009. During that investigation a confidential undercover informant working with law enforcement officials audio and or video-recorded conversations with Henley and others. In some of these conversations Henley discussed and made apparent

- 6 -

admissions regarding the events of August 10, 2009, and other matters. Some of these recorded conversations of Henley occurred after his formal arrest on August 25, 2009, for charges arising out of the August 10, 2009, incident.

## Discussion

The defendant avers in his motion that any statements made by him made after the August 25, 2009, filing of charges against him, in the presence of and recorded by the confidential informant should be suppressed because they were obtained in violation of his Sixth Amendment rights.

The Sixth Amendment right to counsel attaches upon the initiation of adversarial judicial proceedings. Kirby v. Illinois, 406 U.S. 682, 689-90 (1972). The parties here have agreed that the defendant's Sixth Amendment right to counsel attached as to the charges arising out of the alleged armed robbery which occurred on August 10, 2009, when the defendant was arrested and charged with the offense on August 25, 2009. (See Motion Hearing Transcript, Docket No. 494, at Pp. 7-8).

In Massiah v. United States, 377 U.S. 201, the Supreme Court held that a defendant is denied the Sixth Amendment right to counsel "when there [is] used against him at his trial evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of

- 7 -

counsel." Id. at 206.³  Maine v. Moulton, 474 U.S. 159, 173-76 (1985); United States v. Henry, 447 U.S. 264, 274 (1980); Manning v. Bowersox, 310 F.3d 571, 575-76 (8th Cir. 2002). However, there is no Sixth Amendment violation when a government agent acts only "as a passive listening post" in gathering information. Moore v. United States, 178 F.3d 994, 1000 (8th Cir. 1999); Kuhlmann v. Wilson, 477 U.S. 436, 459-61 (1986).

The Sixth Amendment right to counsel is offense specific. McNeil v. Wisconsin, 501 U.S. 171, 175 (1991); Texas v. Cobb, 532 U.S. 162, 168 (2001); United States v. Johnson, 352 F.3d 339, 343 (8th Cir. 2003). Statements obtained in violation of the Sixth Amendment right to counsel are excluded from being admitted in evidence only insofar as those statements relate to charges for which the right to counsel have attached. Id. at 343-44. The defendant's motion, broadly read, seems to seek suppression of all statements made by defendant Henley in the presence of the informant after August 25, 2009. However, as noted above, the defendant was charged on August 25, 2009, with the offense of armed robbery relating to the occurrences of August 10, 2009. Only statements by defendant Henley made after August 25, 2009, relating to that offense are required to be suppressed. Statements by

---

³For purposes of this motion the government concedes that the confidential undercover informant was acting as a government agent when recording statements made by defendant Henley. See Government's Response To Defendant's Motion To Suppress Statements (Docket No. 403) at P.4.

defendant Henley relating to other matters are not required to be excluded.

Therefore, the defendant's motion should be granted to the extent that it seeks to suppress any statements made by defendant Henley to the confidential undercover informant after August 25, 2009, relating to the alleged armed robbery which occurred on August 10, 2009, for which Henley was charged. In all other respects the defendant's motion should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant Dominic Henley's Motion To Suppress Statements (Docket No. 374) be denied.

**IT IS FURTHER RECOMMENDED** that defendant Dominic Henley's Motion To Suppress Statements (Docket No. 323) be granted in part and denied in part.

The parties are advised that any written objections to these findings and determinations shall be filed not later than **October 5, 2012.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of September, 2012.