IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT
STATE OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | NO.   4:11CR246 CDP |
| VS. ) | |
| ) | |
| DOMINIC HENLEY ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT HENLEY'S SENTENCING MEMORANDUM

Comes now Defendant, Dominic HENLEY ("HENLEY"), by and through undersigned counsel and submits his Sentencing Memorandum as follows:

The Defendant Dominic HENLEY was charged in four counts of the superseding indictment with Conspiracy to Commit Racketeering, Murder in Aid of Racketeering, Discharging a Firearm during the Commission of a Crime of Violence, and Conspiracy to Commit Murder in Aid of Racketeering.  The case was tried before a jury, who found HENLEY guilty of Conspiracy to Commit Racketeering and Conspiracy to Murder in Aid of Racketeering.  HENLEY was acquitted on the other charges.

HENLEY files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

HENLEY is a young man who comes from a very humble beginning.  He is college educated, family oriented, and has been gainfully employed his entire adult life.   Prior to the convictions in this case, he had absolutely no contact with the criminal justice system.

**Sentencing under *Booker***

On January 12, 2005, the Supreme Court ruled that the Sixth Amendment holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in Apprendi, the Court concluded that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

Id. at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. § 3553(b)(1) or which rely upon the Guideline's mandatory nature, 18 U.S.C. § 3742(e), incompatible with its Sixth Amendment holding. Booker, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, making the Guidelines effectively advisory. Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker,

> requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a).

Booker, 125 S. Ct. at 757. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

1) the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1));
2) the kinds of sentences available (§ 3553(a)(3));
3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (§ 3553(a)(6)); and
4) the need to provide restitution to any victims of the offense.  (§ 3553(a)(7)).

Other statutory sections also give the district court direction in sentencing.  Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to recognize that imprisonment is *not* an appropriate means of promoting correction and rehabilitation (emphasis added).

Under 18 U.S.C. § 3661, *no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines.  S*ee* U.S.S.G. § 5H1.

The directives of Booker and § 3553(a) make clear that courts may no longer uncritically apply the guidelines.  Such an approach would be inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the § 3353(a) factors, many of which the guidelines either reject or ignore.  United States v. Ranum, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.).  As another district court judge has correctly observed, any approach which automatically gives heavy weight to the guideline range comes perilously close to the mandatory regime found to be constitutionally infirm in Booker.  United States v. Jaber, 362 F. Supp. 2d 365, (2005).  See also United States v. Ameline, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence), rehearing en banc granted, 401 F.3d 1007 (9th Cir. 2005).  The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider all of the § 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.  And where the guidelines conflict with other sentencing factors set forth in § 3553(a), these statutory sentencing factors should generally trump the guidelines.  See United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since § 3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

### Application of the Statutory Sentencing Factors to the Facts of this Case

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

**1. The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

**(a) Nature and Circumstances of Offense**

The Defendant Dominic HENLEY found guilty by a jury of Conspiracy to Commit Racketeering and Conspiracy to Murder in Aid of Racketeering. Though HENLEY was found guilty of the Conspiracy to commit Murder in Aid of Racketeering, it is clear in the record that he had no knowledge of said conspiracy. It is correct, that the government presented evidence of his knowledge and the jury made a factual finding of guilt. However, considering all the evidence including defendant, government witnesses (Allan Hunter and Walter Lee) and the Title III recordings, the overwhelming weight of the evidence demonstrates that HENLEY had no knowledge or participation in a conspiracy to commit murder.

**(b) History and Characteristics of HENLEY**

HENLEY is a college graduate, with a Masters of Business Administration from Lindenwood University. He is married and has a very close and supportive family. Henley is a member of several community organizations dedicated to the service of the community. He has been gainfully employed his entire adult life and has never been arrested or charged with any crimes other than in this case.

**2. The Need for the Sentence Imposed To Promote Certain Statutory Objectives**:

(A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical

 care, or other correctional treatment in the most effective manner.

The Court will meet the objectives of A, B, C, and D of this subsection with a sentence below ten years.

**3.     The Kinds of Sentences Available**

In Booker, the Supreme Court severed and removed 18 U.S.C. § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. Booker, 125 S. Ct. at 756.  This renders the sentencing guidelines advisory. Id.

**4.     The Sentencing Range Established by the Sentencing Commission**

The guideline range as determined by the PSIR is 235-240 months.  This is based on an incorrect calculation of the HENLEY's offense level.  This guideline does not adequately reflect the defendant's conduct and personal history for reasons previously stated.

1.     The Need To Avoid Unwarranted Disparities

Sentencing HENLEY to the sentence proposed by the PSIR would create a major disparity in co-defendants who have been sentenced in this district for the same crime.

**Proposed Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)
for sentence below guideline range.**

HENLEY's lack of criminal history, his age, community service, continual employment and the sufficiency of evidence or lack thereof surrounding his conviction on Count XIII of Conspiracy to Commit Murder are reasons pursuant to 18 U.S.C. § 3553(c) that the Court should impose a sentence below the guideline range.

**Conclusion**

For the foregoing reasons, HENLEY respectfully submits that a sentence of ten years is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

**DONNELL SMITH AND ASSOCIATES, LLC**

*/s/ Donnell Smith*_____
Donnell Smith, Mo Bar 44520
4625 Lindell Blvd, Suite 500
St. Louis, Missouri 63108
(314) 361-2500
Fax: (314) 361-2525
Email: donnell.smith@smithlawpractice.com

Attorney for Defendant Dominic Henley

**Certificate of Service**

I hereby certify that on this 6th day of April, 2013, the foregoing Sentencing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon all parties of record.

/s/ Donnell Smith_____